**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-7075-JFW(AGRx)** | Date:  August 28, 2024 |

Title: Marci Bertuzzi -v- Timothy Mutton, et al.

---

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                              **None Present**
   **Courtroom Deputy**                                         **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                          None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

   On August 14, 2024, Plaintiff Marci Bertuzzi ("Plaintiff") filed a Complaint in Los Angeles Superior Court, against Defendants Timothy Mutton ("Mutton") and Petra IQ, LLC ("Petra").  On August 20, 2024, Mutton removed this action to this Court, alleging that this Court has jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Mutton bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  However, there is a major limitation on removal jurisdiction in diversity cases.  Even if there is complete diversity, removal is not permitted "if any of the parties in interest properly joined and serviced as defendants is a citizen of the State in which such an action is brought."  28 U.S.C.

§ 1441(b)(2).  Specifically, Section 1441(b)(2), which is also known as the "forum defendant rule,"[1] provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

In his Notice of Removal, Mutton alleges that he is a citizen of California.  Mutton also alleges that his removal of this action is not improper under forum defendant rule because he has not yet been "properly served and joined."  However, the "properly joined and served" language in Section 1441, which was added in 1948, has widely been interpreted as reflecting a Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal, and courts have generally found that Congress did not intend to expand federal jurisdiction with this language.  *See, e.g., Preseau v. Prudential Insurance Co.*, 591 F.2d 74, 78 (9th Cir.1979) (rejecting an argument that "§ 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served") (*citing Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969)).

Moreover, several courts in this District have held that a reading of Section 1441's "properly joined and served" language that precludes the application of the forum defendant rule when a defendant removes a case before he is served "would 'eviscerate the purpose of the [f]orum [d]efendant [r]ule.'"  *Massachusetts Mut. Life Ins. Co. v. Mozilo*, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012) (*quoting Sullivan*, 575 F. Supp. 2d at 645); *see also Khashan v. Ghasemi*, 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010) (The "'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective."); *Standing v. Watson Pharm.*, 2009 WL 842211, *5 (C.D. Cal. Mar. 26, 2009) (holding that the joined and served requirement "is not implicated where the non-forum defendant (or forum defendant) seeks to remove the action prior to the service of any defendant").  As the court in *Jones v. KLLM Transport Service, LLC*, 2019 WL 5080340, *3 (C.D. Cal. Oct. 10, 2019), held:

> The Court joins those courts who have held that "joined and served" is not a loophole for an in-state defendant to remove a case before he has been properly served.  A defendant who has yet to be served has a choice whether to participate in the case.  And if he chooses to participate by disturbing the plaintiff's choice of forum and removing to federal court, his citizenship should be considered just as that of a defendant who has been served.  Any other reading of the statute would encourage gamesmanship and undercut § 1441(b)'s purpose of limiting diversity removal when the defendant is already at home.  *See Albertson's, Inc. v. Comm'r*, 42 F.3d 537, 545 (9th Cir. 1994) (holding that a court "may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statute.").

---

[1] In *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006), the Ninth Circuit determined that violations of the forum defendant rule are procedural, not jurisdictional, and, thus, can be waived if the plaintiff does not object to removal within 30 days of receiving notice.

*See also Hamm v. Dogtopia Enterprises LLC*, 2024 WL 3873489 (D. Ariz. Aug. 20, 2024) ("In the Court's view, the statutory context of § 1441(b)(2) supports the conclusion that the language 'properly joined and served as defendants' excepts from the statute's prohibition on removal those instances in which a forum defendant is fraudulently joined so as to defeat removal jurisdiction. The inclusion of 'properly joined and served' does not, however, permit a forum defendant to circumvent the rule merely by removing the action prior to being served with process"); *Standing,* 2009 WL 842211, at *4 ("The Court agrees with Plaintiffs that if the purpose behind the statute is to prevent procedural gamesmanship by plaintiffs through improper joinder, a literal interpretation of the 'joined and served' provision that promotes such gamesmanship by defendants through allowing removal before a plaintiff has a meaningful chance to serve any defendant both undermines the general purpose of the forum defendant rule (i.e. to keep certain cases in state court) and inappropriately prevents plaintiffs from litigating in the forum of their choice").

In addition, in the Notice of Removal, Mutton fails to allege the citizenship of Petra because Mutton alleges that Petra is a nominal party and, as a result, is irrelevant to the diversity analysis. Mutton is correct that "courts should 'ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform [a] ministerial act.'" *Silva v. Wells Fargo Bank NA*, 2011 WL 2437514, *3 (C.D. Cal. June 16, 2011) (*citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir.2000)); *Wise*, 2011 WL 1466153 at *4 (holding that an "exception to the complete diversity requirement applies to nominal parties. 'Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder'") (*quoting Strotek Corp. v. Air Transport Ass'n of America,* 300 F.3d 1129, 1133 (9th Cir. 2002)); *see also Daniels v. Wells Fargo Bank, N.A.*, 2012 WL 10649202, *4 (C.D. Cal. Sept. 11, 2012) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy")). However, "the burden of demonstrating that the defendant is a nominal party rest[s] with the removing party." *Silva v. Wells Fargo Bank N.A.*, 2011 WL 2437514 (C.D. Cal. June 16, 2011) (internal citations omitted). In this case, Mutton has simply alleged in conclusory fashion that Petra is a nominal party. This is insufficient. Mutton has failed to meet his burden of demonstrating that, as of the time of removal, Petra was a nominal party. *Id.* As a result, Mutton has failed to demonstrate that complete diversity exists.

Accordingly, Plaintiff is ordered to inform the Court, in writing, no later than **September 3, 2024**, if she waives Mutton's violation of the forum defendant rule. If Plaintiff does not waive, the Court will then decide if remand is appropriate. In addition, Mutton is hereby ordered to show cause, in writing, no later than **September 3, 2024**, why this Court should not remand this action because it was improperly removed pursuant to the forum defendant rule and because there is not complete diversity. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.